merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

No. 51066.—Protest 967976–G of Strauss-Eckardt Co. (Seattle).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of bonbon dishes similar in all material respects to those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310). In accordance therewith the merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.

No. 51067.—Protests 116689–K, etc., of Abbott Drug Co. et al. (Los Angeles, etc.).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

BEFORE THE SECOND DIVISION, MAY 1, 1946

No. 51068.—Protests 25005–K, etc., of Stephen Rug Mills (New York).

Opinion by KINCHELOE, J. It was stipulated that the merchandise is the same in all material respects as that passed upon in *Stephen Rug Mills* v. *United States* (32 C. C. P. A. 110, C. A. D. 293), and by the court's decision on remand in Abstract 50056. In accordance therewith the protests were sustained as claimed.

BEFORE THE THIRD DIVISION, MAY 1, 1946

No. 51069.—Protests 27423–K, etc., of H. P. Lambert Co., Inc., et al. (Boston, etc.).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

No. 51070.—Protests 40077–K, etc., of Meakin & Ridgway, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and chowder cups or puree cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United*

*States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51071.**—Protests 58034–K, etc., of Maddock & Miller, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and chowder cups or puree cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51072.**—Protests 72163–K, etc., of Meakin & Ridgway, Inc. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of oatmeals or oatmeal saucers and chowder cups or puree cups the same in all material respects as those passed upon in *Copeland & Thompson, Inc.* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51073.**—Protests 35869–K, etc., of Bloomingdale Bros. (New York).

Opinion by KEEFE, J. It was stipulated that the merchandise consists of puree cups the same in all material respects as those passed upon in *Johnson Bros.* v. *United States* (15 Cust. Ct. 113, C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 51074.**—Protest 972087–G of Butler Bros. (San Francisco).

Opinion by KEEFE, J. At the trial it was stipulated that the merchandise consists of bonbon dishes similar in all material respects to those the subject of *United States* v. *Butler Bros.* (33 C. C. P. A. 22, C. A. D. 310). In accordance therewith the merchandise was held properly dutiable at 70 percent under paragraph 212 without the additional assessment of 10 cents per dozen pieces.